UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:09CR211

| | |
|---|---|
| UNITES STATES OF AMERICA, ) | |
| ) | |
| v. ) | **CONSENT ORDER AND** |
| ) | **JUDGMENT OF FORFEITURE** |
| (2) ALAN PHILIP BELLANCA ) | |

BASED UPON the Defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c):

Approximately $21,790.22 in funds derived from the sale of the real property at 27652 Dungarvin Lane, San Juan Capistrano, California;

One time-share at 10 Riverstone, Laguna Niguel, California 92677, further described as Parcel Number 513-106-03-10;

Any and all currency and monetary instruments that were received during, involved in, or used or intended to be used to facilitate the crimes alleged in the bill of information, including but not limited to the sum of approximately $1,800,000.00 in proceeds and funds involved in the alleged violations.

2. The Federal Bureau of Investigation, United States Marshals Service, and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described specific properties.

3. A forfeiture money judgment in the amount of $1,800,000.00 and an order of forfeiture of the specific properties identified above shall be included in the sentence of the Defendant.

4. Pursuant to Fed. R. Crim. P. 32.2(c)(1), to the extent that this Order constitutes a money judgment, this Order shall constitute a final money judgment and no ancillary proceeding or further final order of forfeiture will be necessary. To the extent that this Order constitutes an order for forfeiture of specific properties, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the specific properties, and shall publish notice of this forfeiture as required by law.

5. Any person, other than the Defendant, asserting any legal interest in the specific properties may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest.

6. Following the Court's disposition of all timely petitions filed, a Final Order and Judgment of Forfeiture shall be entered as to the specific properties. If no third party files a timely petition, this Order shall become the Final Order and Judgment of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the specific properties, and shall dispose of the specific properties according to law.

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of Defendant's crime(s) herein, constitute or are traceable to property involved in Defendant's crime(s) herein, or are substitute properties, and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED
Assistant United States Attorney

_____
ALAN PHILIP BELLANCA
Defendant

_____
CHRISTOPHER C. FIALKO, ESQ.
Attorney for the Defendant

Signed this the 22 day of December, 2010.

_____
CHIEF UNITED STATES DISTRICT JUDGE

2