UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cr-211

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **PRELIMINARY ORDER OF** |
| v. ) | **FORFEITURE OF SUBSTITUTE** |
| ) | **PROPERTY** |
| (2) ALAN PHILIP BELLANCA ) | |

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture of Substitute Property, to which Defendant has not filed any opposition. (Doc. No. 87).

**THIS COURT FINDS AS FOLLOWS:**

On November 9, 2009, Defendant Alan Philip Bellanca pled guilty via Plea Agreement (Doc. No. 3) to conspiracy to commit mail and wire fraud and to money laundering conspiracy, all in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1956(h). As detailed more fully in the Bill of Information (Doc. No. 1), Defendant Bellanca, Defendant William Lee Hagood, and Defendant Mitchell Keith Kleinman conspired to defraud Hagood's employer by a variety of means. Defendants ultimately induced Hagood's employer to pay defendants for products that were not delivered and services that were not rendered.

The Bill of Information contained a Notice of Forfeiture, including a notice of a forfeiture money judgment. Defendant Bellanca generally agreed in Section VI of his Plea Agreement to forfeiture and specifically agreed in paragraph thirty of the Plea Agreement to forfeiture of substitute property. On December 22, 2010, this Court entered a Consent Order and

Judgment of Forfeiture (Doc. No. 69) against Defendant Bellanca. The Consent Order ordered forfeited $21,790.22 in funds, a time share, and a $1,800,000 money judgment. The money judgment has not been paid in full and remains outstanding. On January 12, 2011, this Court filed a Judgment in a Criminal Case (Doc. No. 73) whereby Defendant Bellanca was ordered to submit to supervised release for three years, to pay $2,201,879.40 in restitution, and to forfeit assets in accord with the Consent Order and Judgment of Forfeiture.

The Government has satisfied the requirements of 21 U.S.C. § 853(p) for purposes of forfeiture of substitute property. Specifically, based on the Government's recitation of facts on the record and the Affidavit of FBI Special Agent James Meade, Court finds that the Government has established that as a result of acts or omissions of the defendants, the property cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty. Further, the Government has established that the following assets are subject to forfeiture as substitute properties:

> All assets in PENSCO Trust Company Account Number XX1MM, such account held in the name of Al Bellanca; and
>
> All assets in MorganStanley SmithBarney Account Number XXX-X6492, such account held in the name of Alan Bellanca CGM IRA Custodian.

**IT IS THEREFORE ORDERED** that, based upon the Bill of Information, Plea Agreement, Consent Order and Judgment of Forfeiture, including a $1,800,000 forfeiture money judgment against Defendant Bellanca that remains outstanding, and the facts set forth in the Government's Motion and attached exhibits, this Order shall constitute a Preliminary Order of

Forfeiture for the following substitute properties pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e):

> All assets in PENSCO Trust Company Account Number XX1MM, such account held in the name of Al Bellanca; and
>
> All assets in MorganStanley SmithBarney Account Number XXX-X6492, such account held in the name of Alan Bellanca CGM IRA Custodian.

**IT IS FURTHER ORDERED THAT**, pending further order of this Court, Defendant Alan Philip Bellanca, his agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, and those persons, financial institutions, or other entities who have any interest or control over the subject property are hereby **RESTRAINED, ENJOINED, AND PROHIBITED** from attempting or completing any action that would affect the availability, marketability or value of the property in the above identified accounts, including but not limited to liquidating, selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of the property in the above identified accounts.

**IT IS FURTHER ORDERED THAT** the Federal Bureau of Investigation, United States Marshals Service, and/or other property custodian for the investigative agency is directed to serve a copy of this Order upon Defendant, MorganStanley SmithBarney, and Pensco Trust.

**IT IS FURTHER ORDERED THAT** the Government shall provide notice of this Order in accordance applicable law that any person, other than the defendants, asserting a legal interest in property which has been ordered forfeited to the United States may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of his or her alleged interest in the property.

Signed: July 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge